945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Rosa NERIA, Defendant-Appellant.
 No. 90-50646.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Rosa Neria appeals her sentence following entry of a guilty plea to importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. Neria contends the district court erred by finding she was ineligible for a downward adjustment to her United States Sentencing Guidelines (Guidelines) offense level for being a minor or minimal participant in the offense of conviction. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's construction and interpretation of the Guidelines section on a defendant's role in the offense. United States v. Carvajal, 905 F.2d 1292, 1294 (9th Cir.1990). The district court's factual decision regarding the defendant's role in the offense, however, is reviewed for clear error. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.1991); United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990).
 
 
 4
 U.S.S.G. § 3B1.2 provides for a downward adjustment of four points for a minimal, or two points for a minor role in the offense which is intended "to cover defendants who are plainly among the least culpable of those involved in the conduct of a group," U.S.S.G. § 3B1.2, comment. n. 1, or "any participant who is less culpable than most other participants, but whose role could not be described as minimal," U.S.S.G. § 3B1.2, comment. n. 3. The party seeking to alter the base offense level bears the burden of making the necessary showing by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). "A district court is not compelled to determine whether a defendant was or was not the least culpable participant in determining whether that defendant's role was 'minor'." United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990). A defendant's role in conduct collateral to the offense of conviction may inform the court's decision as to her relative culpability but cannot itself serve as the basis for a role adjustment. Zweber, 913 F.2d at 709. Adjustment is not required simply because multiple participants are involved. Andrus, 925 F.2d at 337. Additionally, the mitigating role adjustments " 'are to be used infrequently,' " Id. (quoting United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir.1990)). Finally, when the defendant presents the only evidence that her role in the offense was mitigating, the district court does not clearly err by refusing to grant a downward adjustment. United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990); see also United States v. Smith, 905 F.2d 1296, 1300 (9th Cir.1990) (self-serving statements entitled to little weight).
 
 
 5
 Here, the district court found that "[Neria] made an agreement to smuggle in an illegal substance into the United States and was paid for her criminal conduct. And I think that that [sic], while she may not be a major player, she certainly is a transporter. And you have got to have transporters in order to get the stuff in." The district court then adopted the findings of the probation officer expressed in the addendum to the presentence report (PSR). The PSR stated that Neria was involved in an unsophisticated marijuana importation scheme in which she willingly agreed to participate. The only evidence regarding the participation of other individuals in the scheme and her role in it was offered by Neria herself and was not corroborated by any other source.[1]
 
 
 6
 The district court's denial of the mitigating role adjustment was a sufficient finding of fact on the issue. See Rexford, 903 F.2d at 1282. Therefore, the district court did not clearly err by finding that Neria was not a minor or minimal participant in the offense for which she was convicted. See Andrus, 925 F.2d at 338; Zweber, 913 F.2d at 710; Rigby, 896 F.2d at 394.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Neria contends the district court erred by misinterpreting the Guidelines in two ways. First, she argues the district court erroneously found as a matter of law that drug couriers are ineligible for the mitigating role adjustments. Second, she argues the district court erroneously found as a matter of law that Neria was ineligible for the mitigating role adjustments because she was the only defendant in the offense
 The PSR made the second error which Neria attributes to the district court, stating that Neria was ineligible for the mitigating role reductions because she was the only defendant charged in the case (PSR at p. 10, Addendum to PSR at p. 3). The district court, however, avoided this mistake. Instead, the district court relied on factual conclusions drawn from the evidence that Neria was apprehended smuggling just under 40 kilos of marijuana into the United States, that she had been connected with this type of activity before, and that there was little or no evidence of other participants in that crime in coming to the conclusion that Neria did not deserve a mitigating role adjustment. These were evidentiary factors which helped the court to reach its conclusion and were not interpretations of the applicable Guidelines section.