958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leobardo FIGUEROA-VASQUEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Carlos VILLICANA-PENA, Defendant-Appellant.
 Nos. 91-50481, 91-50486.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1992.*
Decided March 16, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leobardo Figueroa-Vasquez (Figueroa) and codefendant Juan Carlos Villicana-Pena (Villicana) appeal their sentences for distributing and conspiring to distribute heroin. We affirm Figueroa's sentence and dismiss Villicana's appeal.
 
 FACTS
 
 3
 Figueroa pleaded guilty to distributing approximately 500 grams of heroin and Villicana pleaded guilty to conspiring to distribute an unspecified amount of heroin. Figueroa arranged the sale of a sample of heroin to a special agent. The special agent met with Figueroa, Villicana, and codefendant Vega. Vega supplied the sample and received $3,000 in payment. Figueroa discussed an additional sale of heroin with the special agent and asked for a van or pick-up truck as compensation for arranging the purchase. Figueroa later gave the special agent a price per ounce of the heroin and arranged the location for the sale. Figueroa and Villicana were present when Vega delivered the heroin. All were arrested.
 
 
 4
 The district court denied Figueroa's request for a downward adjustment based upon his role in the offense. The court found that Figueroa was not a minor participant, but rather played an essential role as broker of the transaction. The court denied Villicana's request for a downward departure from the guidelines.
 
 STANDARD OF REVIEW
 
 5
 We review for clear error the factual determination of whether a defendant is a minor participant in the criminal activity. United States v. Sanchez, 908 F.2d 1443, 1448-49 (9th Cir.1990). See United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc).
 
 DISCUSSION
 A. Figueroa's Role in the Offense
 
 6
 Figueroa argues that he deserves a two-level reduction in his offense level as a minor participant because he was less involved than codefendant Vega, the source of the heroin. United States Sentencing Commission, Guidelines Manual, § 3B1.2(b) (Nov.1990). Even if Figueroa were less culpable than a codefendant, that alone would not entitle him to minor participant status. See United States v. Andrus, 925 F.2d 335, 337-38 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 249, 116 L.Ed.2d 204 (1991). In any event, even apart from the facts disputed by him, Figueroa was not "substantially less culpable" than Vega. Id. at 338. Figueroa admittedly acted as a go-between for Vega and the special agent. Figueroa arranged the first meeting between Vega and the special agent and the initial one-ounce sale of heroin. Figueroa spoke to the special agent about a set price per ounce for the heroin and expected compensation in the form of a van or truck. Figueroa stood within 150 yards while Vega retrieved the heroin for delivery to the special agent. The district court did not clearly err in concluding that Figueroa was not a minor participant. See Sanchez, 908 F.2d at 1449; Andrus, 925 F.2d at 338; United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990).
 
 B. Villicana's Appeal
 
 7
 Villicana claims that the district court erred by refusing to depart downward from the Sentencing Guidelines. The district court's discretionary refusal to depart downward from the Sentencing Guidelines is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990). When a court denies a request for departure without comment, as the district court did in this case, we assume "that the district court knows and applies the law correctly, realizes that it does have authority to depart, but concludes that it would be inappropriate to do so on the facts of the particular case." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991).
 
 
 8
 Figueroa's sentence is AFFIRMED and Villicana's appeal is DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3