980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Braulio MARTINEZ-TORRES, Defendant-Appellant.
 No. 92-30074.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Braulio Martinez-Torres (Torres) appeals his sentence under the United States Sentencing Guidelines following entry of a guilty plea to possession with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. Torres contends that the district court erred by not granting a downward adjustment of his offense level due to his minor role in the offense, pursuant to U.S.S.G. § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 A district court's finding that a defendant does not qualify for minor or minimal participant status is "heavily dependent upon the facts of the particular case," U.S.S.G. § 3B1.2, comment. (backg'd), and should be upheld unless clearly erroneous.[1] United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991); United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir.1990).
 
 
 4
 The downward adjustment for a minor or minimal role in the offense is to be applied to someone who is "substantially less culpable than the average participant" in the crime, U.S.S.G. § 3B1.2, comment. (backg'd), and should be used only infrequently. Andrus, 925 F.2d at 337; Sanchez, 908 F.2d at 1449.[2] The defendant has the burden of proving his minor or minimal status by a preponderance of the evidence. Sanchez, 908 F.2d at 1449. Merely being less culpable than one's co-participants does not automatically result in minor or minimal status. Andrus, 925 F.2d at 338; United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). Even a defendant who establishes his role as a mere courier may not be entitled to a lower guideline range as a minor participant depending upon his culpability in the offense. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991); see United States v. Rigby, 896 F.2d 392, 395 (9th Cir.1990). A defendant's possession of a substantial amount of narcotics can be grounds for the district court's refusal to reduce his sentence. Lui, 941 F.2d at 849 (noting that 574 grams of heroin, one kilogram of cocaine, and 497 grams of cocaine have each been deemed "substantial" amounts); United States v. Sanchez-Lopez, 879 F.2d 541, 557-58 (9th Cir.1989).
 
 
 5
 Torres contends that the district court erred by not granting him a two-point downward adjustment for his minor role in a drug transaction in which he participated with a co-defendant, Lopez-Aguilar. He claims that he was a mere first-time courier who agreed to drive Lopez-Aguilar to a cocaine sale in the latter's car for an unknown sum because Lopez-Aguilar did not have a license. According to the presentence report (PSR), Lopez-Aguilar indicated that he drove the cocaine from California to Oregon, where he was staying as Torres' houseguest, and hid it temporarily without Torres' assistance. He stated that he intended to sell the cocaine to a person in Portland known to him only by name for $22,000, of which he was to keep $3,000 and return $19,000 to his suppliers. The PSR concluded that Torres was less culpable than Lopez-Aguilar, but declined to recommend the two-point reduction in offense level.[3]
 
 
 6
 The district court concluded on the basis of the evidence that Torres was not a minor participant, but a "necessary element in the intentions to distribute [the cocaine]." Police surveillance prompted by an informant's tip revealed substantial traffic in and out of Torres' home on the evening of the intended sale, including the arrival of Lopez-Aguilar in his car. The two suspects entered the car and Torres, driving slowly and using evasive manuevers, eventually dropped Lopez-Aguilar off at an isolated location. Later, officers observed Torres return for Lopez-Aguilar, who was carrying an unidentified package. Subsequently, officers arrested Torres and Lopez-Aguilar and found in the car a package containing 1,003.70 grams of cocaine. Torres admitted that he expected to be paid for driving Lopez-Aguilar to a location in Portland to complete a sale of the cocaine. At the sentencing hearing, Officer Anderson, the arresting officer, testified that Lopez-Aguilar seemed to be the "primary person" in the deal, but that Torres had offered at one point to cooperate with the police investigation by identifying others with whom Torres had previously acted as a middleman on unrelated drug transactions.[4] On these facts, the district court could reasonably conclude that Torres was not substantially less culpable than Lopez-Aguilar in the offense, even if he performed primarily as a courier. See Lui, 941 F.2d at 849; Andrus, 925 F.2d at 337-38; Zweber, 913 F.2d at 710. Further, Torres' participated in a transaction involving a substantial amount of cocaine. See Lui, 941 F.2d at 849; Sanchez-Lopez, 879 F.2d at 557-58. Accordingly, there is no clear error in the district court's refusal to adjust Torres' offense level downward due to his minor role in the cocaine transaction. See Andrus, 925 F.2d at 337; Sanchez, 908 F.2d at 1449.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, Torres' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 1 U.S.S.G. § 3B1.2(a) provides for a four-point reduction is the base offense level of a minimal participant, defined as a defendant "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment. (n. 1). U.S.S.G. § 3B1.2(b) provides for a two-point downward adjustment for a minor participant, defined as a defendant "less culpable than most other participants, but whose role could not be described as minimal." Id., comment. (n. 3).
 
 
 [2]
 We have previously noted that it is not clear whether the "average participant" discussed in the commentary section is the average participant in this particular offense or the average participant in this type of crime in general. See Andrus, 925 F.2d at 338; United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990). We decline to resolve this issue here as the outcome is the same under either comparison. See Andrus, 925 F.2d at 338
 
 
 [3]
 Torres' PSR, which originally recommended that he receive the reduction, was revised on the basis of the government's objection that Torres was not "substantially less culpable" as required by U.S.S.G. § 3B1.2, comment. (backg'd)
 
 
 [4]
 Torres objects to reliance on this testimony because it involves determining his role in the offense on the basis of conduct that is not "relevant" as defined by the Sentencing Guidelines. See U.S.S.G. § 1B1.3. The court may, however, consider uncharged collateral conduct as it sheds light on the defendant's role in the offense of conviction. Zweber, 913 F.2d at 709 (citing, as an example, reliance on collateral conduct to determine if defendant was indeed courier for single transaction). Torres' statements about prior drug deals shed light on his alleged role as a first-time courier in the offense of conviction