UNITED STATES of America, Plaintiff–Appellee,

v.

Ricky Lee ANDRUS, Defendant–Appellant.

No. 90–30018.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 1, 1990.

Decided Feb. 5, 1991.

As Amended March 25, 1991.

---

Shaun S. McCrea, Eugene, Or., for defendant-appellant.

Deborah J. Dealy–Browning, Asst. U.S. Atty., Eugene, Or., for plaintiff-appellee.

Before HUG and NELSON, Circuit Judges, and WALKER,* District Judge.

D.W. NELSON, Circuit Judge:

Appellant Ricky Lee Andrus challenges his sentence imposed under the Sentencing Guidelines for conspiracy to manufacture methamphetamine. He argues that he should have been accorded minor participant status and thus given a two-point reduction in his offense level. In his reply brief, Andrus also raises the claim that a criminal offense involving methamphetamine does not state an offense against the United States. We affirm the district court.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Andrus was arrested at his residence at Booth Kelly Road in Springfield, Oregon by officers executing a search warrant. The officers discovered a methamphetamine lab in his basement. Although the "cook"—or reaction—was over, officers did recover 13 pounds of methamphetamine sludge from the lab. Further, they seized 1,238 grams of methamphetamine from a co-defendant's car parked in front of the residence. Other evidence adduced at trial showed the defendant's prints on materials at another laboratory subsequently searched. Andrus pleaded guilty to the first count of a three-count indictment. That count charged him with conspiracy to manufacture, to possess with intent to distribute, and to distribute methamphetamine.

In accepting the guilty plea on September 11, 1989, the court told Andrus that the government agreed "you can argue and your lawyer can argue for a two point

---

* The Honorable Vaughn R. Walker, United States District Judge for the Northern District of California, sitting by designation.

reduction for a so-called minor role in the crime, and [the government] will agree that you are less culpable [than the two co-defendants]." The probation officer, however, did not recommend a downward adjustment in his presentence report, and the government also opposed an adjustment in a letter to the probation office. At sentencing on November 21, 1989, the district court agreed with the probation officer that Andrus was not a minor participant, and it accordingly did not grant the reduction. Andrus appeals.

## II.  STANDARD OF REVIEW

■ Since a district court's determination that a defendant does not qualify for minimal or minor participant status is "heavily dependent upon the facts of the particular case," United States Sentencing Commission, *Guidelines Manual,* § 3B1.2, comment. (backg'd) (Nov.1990), we employ a clearly erroneous standard of review. *United States v. Zweber,* 913 F.2d 705, 708 (9th Cir.1990); *United States v. Christman,* 894 F.2d 339, 341 (9th Cir.1990).

■ The existence of a plea agreement and the terms thereof is also a question of fact, reviewed by a clearly erroneous standard. *United States v. Helmandollar,* 852 F.2d 498, 501 (9th Cir.1988).

## III.  DISCUSSION

### A.  Breach of Plea Agreement

■ The United States Sentencing Guidelines § 3B1.2, entitled "Mitigating Role," provides for a two-level decrease in the offense level "[i]f the defendant was a minor participant in any criminal activity." § 3B1.2(b). The accompanying Commentary defines "minor participant" as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, comment. (n.3). Andrus' first argument is that since the government stated in its plea agreement that Andrus was "less culpable" than two other codefendants, it agreed he was a minor participant. To argue otherwise, as the government did at sentencing,

he maintains, is to breach the plea agreement.

■ Though this simple syllogism would at first glance appear irrefutable, a further perusal of the guidelines perspicuously shows that being less culpable and obtaining minor participant status are not necessarily synonymous. First, the background note to the "Mitigating Role" section states, "This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him *substantially less culpable* than the average participant." § 3B1.2, comment. (backg'd.) (emphasis added). Second, the guidelines also state, "Many offenses are committed by a single individual or by individuals of roughly equal culpability so that none of them will receive an adjustment under this Part." § 3B1.4, comment.

It is manifest, therefore, that the guidelines did not intend for every defendant who was less culpable than his codefendants to be granted minor participant status. This more sensible approach obviates the need for judges to examine meticulously every pair of defendants to determine which might be a scintilla more or less culpable than the other. Were courts compelled to grant minor status in every instance where one defendant was slightly less culpable, they would be making such determinations in virtually every case of multiple defendants, a result the guidelines did not seek.

In previous cases with multiple defendants, our circuit has not engaged in lucubrations to assess whether one was slightly less culpable than the others. We have held that the guidelines do not require adjustment just because multiple participants are involved. *United States v. Rexford,* 903 F.2d 1280, 1282 (9th Cir.1990). In fact, we have held that downward adjustments "are to be used infrequently." *United States v. Sanchez,* 908 F.2d 1443, 1449 (9th Cir.1990) (quoting *United States v. Gillock,* 886 F.2d 220, 222 (9th Cir.1989) (per curiam)). Outside this circuit, *United States v. Oliva–Gambini,* 909 F.2d 417 (10th Cir.1990), involved a parallel situation to Andrus's. There, the parties stipulated

**338**

that the defendant was less culpable, yet the 10th Circuit upheld the district court's finding that he was not a minor participant. Similarly, *United States v. Tholl*, 895 F.2d 1178, 1186 (7th Cir.1990) rejected the idea that just because the defendant was somewhat less culpable, he was entitled to minor role status.

Andrus cannot feign ignorance and state that in pleading guilty he *thought* the government meant to equate less culpable with minor participant. The seventh paragraph of the written text of the plea agreement states:

> We agree that you will be free to argue for a two-point reduction for "minor role" in the crime. The government agrees that Mr. Andrus is "less culpable" than either Mr. Stewart or Mr. Manewal. The government is free to make known to the court and probation office the information in this office.

The court also repeated this information to Andrus. The language indicates that Andrus could *argue* for a minor role in the offense, but that the government might well oppose that, as it did, conceding only that he was less culpable. Since the government only stipulated that Andrus was less culpable, not that he was a minor participant, it did not breach its plea agreement in later arguing that he did not deserve a role-in-the-offense reduction.

### B. Minor Participant Status

Even if the government did not breach its plea agreement, Andrus posits that the district court erred in not granting him minor participant status. We have already explained that merely being less culpable than one's co-participants does not automatically result in minor status. The Guidelines, however, offer us little aid in providing a solid definition of minor participant. The Commentary explains that a role-in-the-offense adjustment is available

for a defendant who is "substantially less culpable than *the average participant.*" § 3B1.2, comment. (backg'd.) (emphasis added). It is unclear whether "average participant" means an average participant in this particular criminal offense or an average participant in this type of crime in general, and to which comparison "substantially" refers.

We need not enter the quicksand that awaits those who essay a solution. Instead, we look to *United States v. Howard*, 894 F.2d 1085 (9th Cir.1990). That panel realized there was a question whether "section 3B1.2 requires a court to compare a defendant's conduct with the conduct of the other codefendants as opposed to comparing a defendant's conduct with the conduct of an average participant in the type of crime in question." *Id.* at 1088. Instead of wading right in, the court noted that it "need not resolve that issue here since under either comparison the district court did not err." *Id.* We follow that course here.

■ In this case the district court did not clearly err in finding that Andrus is not a minor participant under any of the formulae. He had a methamphetamine lab in his basement, with which he was actively involved. When arrested on a federal warrant, he had chemical burns on his hands and methamphetamine and syringes on his person. His fingerprints were found on other chemical containers and equipment, and codefendant Manewal pleaded guilty to manufacturing methamphetamine with him. Andrus, therefore, is not substantially less culpable than his co-participants; moreover, his behavior amply demonstrates that he is not substantially less culpable than an average participant in such a crime. The district court's judgment refusing to grant him a role-in-the-offense reduction passes the clearly erroneous standard. We affirm its decision.

*C. Crime Against United States*

Andrus argues that the manufacture and distribution of methamphetamine is not a crime against the United States. Since he did not raise this issue in the district court and mentions it only in his supplemental brief on appeal, we do not consider it. *See In re Southeast Co.,* 868 F.2d 335, 339 (9th Cir.1989); *United States v. Greger,* 716 F.2d 1275, 1277 (9th Cir.1983), *cert. denied,* 465 U.S. 1007, 104 S.Ct. 1002, 79 L.Ed.2d 234 (1984) (appellate court will only address issues not raised in district court in exceptional cases).

## CONCLUSION

Because none of Andrus' contentions is tenable, the district court is

AFFIRMED.