951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth R. STEPHANZ, Plaintiff-Appellee,
v.
AURA SYSTEMS, INC. Defendant-Appellant.
 No. 91-55040.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1991.
Decided Dec. 16, 1991.
 
 Before PREGERSON, CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Aura Systems, Inc. ("Aura") appeals a declaratory judgment entered after a bench trial enforcing an option in favor of Kenneth Stephanz to purchase up to 100,000 shares of Aura stock. It argues that Stephanz's rights under the 100,000 share option agreement are subject to a misconduct provision, and that the district court's holding that Aura's board of directors could not declare a forfeiture of the option is erroneous because the misconduct provision vests that determination in the board's "sole and absolute discretion." We affirm.
 
 
 3
 * The district court found that Stephanz and Aura entered into an agreement in October 1987, before Stephanz began service as a director, to grant Stephanz two options, one to purchase 200,000 shares and the other to purchase 100,000 shares as compensation for his services. The option agreement was not reduced to writing, but the parties agreed on essential terms, including a term providing that Stephanz would receive an option to purchase the 100,000 shares at issue in this appeal. No written option agreement for the 100,000 shares was given to Stephanz until October 1988, after he had been asked to resign from the board.
 
 
 4
 That came about after he had voluntarily suggested in June 1988 that he and another director obtain short-term financing for the company in the form of a line of credit by using personal guarantees. It turned out, however, that a line of credit was not available without a pledge of personal assets, which Stephanz was unwilling to make. The district court found no credible evidence that he had agreed to pledge personal assets, but he was nevertheless asked to resign because of his failure to do so.
 
 
 5
 The district court further found that the draft option agreement was erroneous in two respects regarding vesting and exercise period, and had many terms and conditions never previously discussed or negotiated. One of those terms provided for forfeiture of the 100,000 share option if the director engaged in fraud or dishonesty or intentional conduct materially inimical to the best interests of Aura. The district court found no credible evidence that Stephanz expressly assented to including such a term. The document was, in any event, never signed.
 
 
 6
 The district court also found no credible evidence that Stephanz engaged in any conduct which was intended to harm Aura, or engaged in any other misconduct, or that his refusal to pledge personal assets was materially inimical to Aura's best interests. The court likewise found that Stephanz failed to make required disclosures.
 
 II
 
 7
 Aura first argues that the district court never found that the misconduct provision was excluded from the agreement. The court did, however, find that the parties' agreement was the October agreement and that agreement had no misconduct provision. Because that finding was supported by the record, and by the trial judge's assessment of credibility, it was not clearly erroneous. See American Aeronautics Corp. v. Grand Central Aircraft Co., 155 Cal.App.2d 69, 317 P.2d 694 (1957).
 
 
 8
 In view of that finding, Aura's second argument--that when a contract delegates authority to determine misconduct to a board, to be exercised in "its sole and absolute discretion," the board's authority is unfettered except for being exercised in good faith--is immaterial. Because the district court found that the October agreement was the operative agreement, and because it contained no misconduct clause, it was unnecessary for the district court, or for us, to decide whether the board acted unreasonably or in bad faith.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Aura also asserts in a footnote to its brief that Delaware law rather than California law should apply to Aura's issuance of the options, and that the option contracts are invalid under Delaware law because unaccompanied by a resolution of Aura's board. We will not consider this argument because Aura did not present it to the district court. United States v. Andrus, 925 F.2d 335, 339 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991)