958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis SUAREZ, Defendant-Appellant.
 No. 90-50417.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1992.
Decided March 20, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Luis Suarez appeals his conviction and sentence for distributing and possessing with the intent to distribute approximately 100 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1), and conspiring to distribute and possess approximately 5 kilograms of cocaine in violation of 21 U.S.C. § 846. We affirm.
 
 STATEMENT OF FACTS
 
 3
 In September 1988, a confidential informant told the Long Beach Police Department about a cocaine distribution ring operating out of the Long Beach area. Two investigators engaged the informant to work undercover for the Department.
 
 
 4
 On November 28, 1988, the informant and Luis Alfredo Avilan Borda allegedly met Suarez at a hotel in Long Beach. At this meeting Suarez told the informant that Suarez's car, a white Ford Tempo, contained approximately 100 kilograms of high-grade cocaine. Borda and Suarez then instructed the informant to drive the Tempo to a house in Long Beach, unload the cocaine in the garage, and return the car to Suarez and Borda at the corner of Lakewood and Firestone boulevards. The informant did as instructed. Officers followed Suarez from the Lakewood and Firestone drop off point to Glendale, where they asked a uniformed officer in a cruiser, Officer John Del Pinto, to stop Suarez. Del Pinto did so and conducted a field interview.
 
 DISCUSSION
 A. ADMISSION OF DEL PINTO'S TESTIMONY
 
 5
 Suarez contends that the district court should not have admitted evidence that he gave Officer Del Pinto false information, including a false name, date of birth, place of residence, and place of attending school. That information was given right after a major narcotics transaction in which Suarez was said to have participated but about which he claimed to have no knowledge. It was evidence of a guilty state of mind. See United States v. Hackett, 638 F.2d 1179, 1186 (9th Cir.1980), cert. denied, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d. 203 (1981). For that reason alone it was admissible. Suarez's argument that the information was not really false certainly raised an issue for the jury. It did not affect admissibility.
 
 B. PROSECUTORIAL MISCONDUCT
 
 6
 Suarez objects to the prosecutor's rebuttal closing argument on number of grounds. Not one rises to the level of reversible error. While a prosecutor is given substantial leeway in presenting his closing argument, United States v. Gray, 876 F.2d 1411, 1417 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990), he may not state improprieties "so gross as probably to prejudice the defendant." United States v. Birges, 723 F.2d 666, 672 (9th Cir.) (citation and quotation omitted), cert. denied, 466 U.S. 943, 104 S.Ct. 1926, 80 L.Ed.2d 472 (1984). Here, the comments made by the prosecutor did not prejudice Suarez's rights. Some comments were invited by Suarez's counsel (e.g., an argument that Suarez's name might be in a drug ledger after defense counsel said it was not). United States v. Young, 470 U.S. 1, 11-14, 105 S.Ct. 1038, 1044-45, 84 L.Ed.2d 1 (1985). Others were neutralized by the district court's jury instructions (e.g., a comment regarding turning evidence over to cousel to which the district court sustained an objection and said the jury should not consider it). United States v. Parker, 549 F.2d 1217, 1222-23 (9th Cir.), cert. denied, 430 U.S. 971, 97 S.Ct. 1659, 52 L.Ed.2d 365 (1977). Other comments, although uninvited and unneutralized, failed to rise to the level of prejudicing Suarez's right to a fair trial (e.g., expressions that Suarez's defense was unbelievable). United States v. Giese, 597 F.2d 1170, 1199 (9th Cir.), cert. denied, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979).
 
 C. SUAREZ'S SENTENCE
 
 7
 Suarez argues that the district court erred in failing to depart downward for Suarez's minimal or minor role in the conspiracy. U.S.S.G. § 3B1.2. However, the Government established that Suarez was entrusted with 100 kilograms of cocaine with a wholesale value of over a million dollars. The mere fact that he was less culpable than a codefendant does not mean that he is entitled to minor participant status. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 249, 116 L.Ed.2d 204 (1991). The court's finding that Suarez was not a minor or minimal participant is not clearly erroneous.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3