962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman Eugene MYERS, Defendant-Appellant.
 No. 91-30259.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 11, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and CROCKER,** District Judge.
 
 MEMORANDUM
 
 2
 Myers appeals his sentence under the Sentencing Guidelines for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Myers argues that the district court erred by denying him an offense level reduction for being a minor or minimal participant in the conspiracy. We review the district court's factual findings concerning Myers's level of participation for clear error, and its interpretation of the Guidelines de novo. United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990) (Zweber ). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Myers argues from each of the application notes in contending that the district court erred by denying him a reduction for minor or minimal participation under section 3B1.2 of the Sentencing Guidelines. Application note one to this section explains that "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." United States Sentencing Commission, Guidelines Manual, § 3B1.2, comment. (n. 1) (Nov. 1990) (U.S.S.G.). Myers argues that because the Presentence Report says "his knowledge [was] limited to only the one kilogram of cocaine that was distributed by the agents," this application note plainly shows he is entitled to a reduction. However, the district court may consider collateral conduct to "shed light on" Myers's role in the offense. Zweber, 913 F.2d at 709. Because the Presentence Report also says that Myers admitted to transporting marijuana for Rossi and a marijuana grow site was located at Myers's residence, the district court did not err by concluding that application note one did not require a role adjustment. This is true even though some of the collateral conduct occurred more than a year before.
 
 
 4
 Application note two to section 3B1.2 explains that a reduction is appropriate if the defendant "was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G., § 3B1.2, comment. (n. 2). Myers contends that this application note squarely applies to his case. Myers was to deliver a kilogram of cocaine. Because this is not a small amount of drugs, see United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989), the district court did not err by determining that this application note did not require a role reduction.
 
 
 5
 The third application note to section 3B1.2 says that "a minor participant means any participant who is less culpable than most other participants." U.S.S.G. § 3B1.2, comment. (n. 3). Myers argues that because he is less culpable than Rossi or McMullen, this note shows that he is a minor participant. However, we have not interpreted this note so broadly. See United States v. Andrus, 925 F.2d 335, 337 (9th Cir.1991). Because the mere fact that Myers may be less culpable than Rossi and McMullen does not automatically make him a minor participant, id., the district court did not err by determining that this application did not require a role adjustment.
 
 
 6
 Given Myers's conduct and the quantity of drugs involved, we hold that the district court did not clearly err by denying him an offense level reduction for being a minor or minimal participant in the conspiracy.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable M.D. Crocker, United States District Judge, Eastern District of California, sitting by designation