977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aloysius OBODOAKO, Defendant-Appellant.
 No. 91-50851.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Oct. 6, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Aloysius Obodoako appeals his sentence imposed under the Sentencing Guidelines, following his guilty plea to possession with intent to distribute heroin and importation of heroin. He contends that the district court erred by not granting a downward adjustment of his offense level due to his minor role in the offense. We reject this contention and affirm.
 
 
 3
 The Sentencing Guidelines provide for a two-level reduction when the defendant is determined to be a minor participant. U.S.S.G. § 3B1.2(b). A district court's finding that a defendant does not qualify for minor participant status is heavily dependent upon the facts of the particular case and will be upheld unless clearly erroneous. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991).
 
 
 4
 Obodoako asserts that he was recruited as a courier and that this was the only time he engaged in narcotics trafficking. The district court is not obligated to accept the defendant's self-serving account of his role in the offense. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). The presentence report, adopted by the district court, related that defendant was detained at the airport because he was the subject of a narcotics trafficking and money laundering investigation. There is no evidence, other than Obodoako's claim, that he was merely a courier. Moreover, courier status alone does not require a role reduction. United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). Finally, possession of a substantial amount of narcotics is a ground for refusing to grant a sentence reduction. Lui, 941 F.2d at 849. We conclude that the district court's refusal to grant the two-level adjustment was not clearly erroneous.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3