988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith A. WORTHY, Defendant-Appellant.
 No. 92-50005.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 25, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-91-0567-AWT-02; A. Wallace Tashima, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 MEMORANDUM**
 Keith A. Worthy appeals his 21-month sentence, imposed following a jury conviction, for conspiracy to defraud the United States in violation of 18 U.S.C. § 286, and theft of United States money in violation of 18 U.S.C. § 641. Worthy contends that the district court erred by adjusting his offense level upward for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and for refusing to adjust his offense level downward for a minor role in the offense pursuant to U.S.S.G. § 3B1.2(b). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 * We review a district court's determination that a defendant obstructed justice for clear error. United States v. Barbosa, 906 F.2d 1366, 1369 (9th Cir.), cert. denied, 111 S.Ct. 394 (1990).
 
 
 1
 Section 3C1.1 provides for a two-point increase in a defendant's base offense level if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" during prosecution of the offense. U.S.S.G. § 3C1.1. Committing, suborning, or attempting to suborn perjury is conduct that constitutes obstruction of justice. Id., comment. (n. 3(b)). Application Note 1 instructs the district court to evaluate suspect testimony in a light most favorable to the defendant. U.S.S.G. § 3C1.1, comment. (n. 1). In so doing, the district court is not required to believe the defendant, but only to resolve in his favor conflicts about which the judge, after weighing the evidence, has no firm conviction. Barbosa, 906 F.2d at 1370; see, e.g., United States v. Akitoye, 923 F.2d 221, 228 (1st Cir.1991). To apply the obstruction of justice enhancement for perjury, the district court may rely on circumstantial evidence contradicting the defendant's testimony, see Akitoye, 932 F.2d at 229; Barbosa, 906 F.2d at 1370, and need not determine that his testimony is internally contradictory or utterly implausible in order to conclude that he lied, see United States v. Thompson, 962 F.2d 1069, 1071 (D.C.Cir.1992), petition for cert. filed, 60 U.S.L.W. 2747 (Aug. 6, 1992) (No. 92-5421). Due regard must also be given to the district court's assessment of the witnesses' credibility. Barbosa, 906 F.2d at 1370.
 
 
 2
 Enhancement of a defendant's base offense level for perjury under section 3C1.1 does not unconstitutionally chill a defendant's right to testify on his own behalf. United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991); Barbosa, 906 F.2d at 1369-70; see U.S.S.G. § 3C1.1, comment. (n. 1) (provision not intended to punish defendant's denial of guilt other than when offered as perjurious testimony).[1]
 
 
 3
 The district court adjusted Worthy's offense level upward for obstruction of justice because it concluded that Worthy had perjured himself at trial and had suborned perjury by his co-conspirator, Dermot Givens. Worthy was tried for one count of conspiracy to file false income tax returns and three counts of cashing fraudulently obtained income tax refunds. He testified at trial that at the behest of his best friend, roommate and former business associate, Givens, he allowed Givens to prepare his tax returns for the years 1985 to 1987. These returns, accompanied by falsified W-2's, overstated Worthy's income and withholding and claimed refunds not due to him.
 
 
 4
 Worthy denied any knowledge of Givens' plan to file false claims for himself and others. He stated that he signed the three returns on the same day, although they were dated differently, without looking over their contents or asking questions because he was "probably listening to something on the stereo or probably getting ready to go somewhere...." Although he had attended college for two years, had been a bank teller, and was identified in corporate documents as the treasurer for a business venture with Givens and others, Worthy indicated that he did not bother with paperwork and often signed official forms for Givens without examining them. Worthy also endorsed five income tax refund checks, including one made out to Givens and two made out to a third person, whose permission Worthy claimed to have had. At the time, Worthy was under sentence at a halfway house for having fraudulently altered credit card receipts. Givens, who pled guilty on the day of the trial and testified for Worthy against advice of counsel, confirmed Worthy's ignorance of the tax scheme, but admitted that he had on a number of occasions lied under oath.
 
 
 5
 Worthy contends that the facts in the case do not support an obstruction of justice enhancement and that the district court erred by not resolving doubts about the truth of his testimony in his favor. Nevertheless, the implausibility of Worthy's and Given's account of the events, viewed in light of the other evidence pointing to Worthy's involvement in the scheme, support the district court's conclusion. See Thompson, 962 F.2d at 1071; Barbosa, 906 F.2d at 1370. The district court was in the best position to evaluate Worthy's and Givens' testimony and, consistent with the jury's verdict, did not find it credible. See Barbosa, 906 F.2d at 1370. Moreover, the district court did not base its conclusion on Worthy's constitutionally protected denial of guilt nor fail to resolve legitimate doubts in his favor, but evinced a firm conviction that his story was "clearly concocted." See Akitoye, 923 F.2d at 228; Barbosa, 906 F.2d at 1370.[2] There is no clear error in the two-point enhancement for Worthy's obstruction of justice. See U.S.S.G. § 3C1.1, comment. (n. 3(b)).
 
 II
 
 6
 Worthy also contends that his offense level should have been adjusted downward for being a minor participant in the offense. We review a district court's determination that a defendant is not a minor participant in the offense for clear error. Torres-Rodriguez, 930 F.2d at 1389.
 
 
 7
 Section 3B1.2(b) provides for a two-point downward adjustment for a minor participant, defined as a defendant "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b). Minor participant status is to be applied to someone who is substantially less culpable than the average participant" in the crime. Id., comment. (background). It is heavily dependent upon the facts of the particular case, and should be used only infrequently. Id. The defendant has the burden of proving his minor status. Torres-Rodriguez, 930 F.2d at 1389. Merely being less culpable than one's co-participants does not automatically result in minor status. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991).[3]
 
 
 8
 As discussed above, the district court reasonably concluded from the evidence that Worthy was more involved in the fraudulent tax scheme than either he or Givens admitted at trial. While Worthy may have been less culpable than Givens, he failed to satisfy his burden of proof that he was substantially less culpable in the offense. See U.S.S.G. § 3B1.2(b) and comment. (background); Torres-Rodriguez, 930 F.2d at 1389; Andrus, 925 F.2d at 337-38. Accordingly, the district court did not err by refusing to adjust his offense level downward.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Worthy invites us to adopt the holding of United States v. Dunnigan, 944 F.2d 178 (4th Cir.1991), cert. granted, 112 S.Ct. 2272 (1992), that sentencing enhancement under section 3C1.1 on the basis of alleged perjury at trial infringes upon a defendant's right to testify on his own behalf. Id. at 185. Dunnigan is not the law of this circuit, however, and, pending resolution of the issue by the Supreme Court, we remain bound by our precedent. See Torres-Rodriguez, 930 F.2d at 1390; Barbosa, 906 F.2d at 1369-70
 
 
 [2]
 For similar reasons, the district court's conclusion that Worthy suborned Givens' testimony is also justified. See United States v. Johnson, 968 F.2d 208, 215-16 (2nd Cir.1992)
 
 
 [3]
 We have not yet determined with respect to section 3B1.2(b) whether the "average participant" is one for purposes of this particular offense or for purposes of this type of crime in general. See United States v. Petti, 973 F.2d 1441, 1447 (9th Cir.1992); Andrus, 925 F.2d at 338. We need not resolve this issue here as the outcome is the same under either comparison. See Andrus, 925 F.2d at 338