996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan ACEVEDO-RAMIREZ, Defendant-Appellant.
 No. 92-50735.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 17, 1993.
 
 Before: CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Acevedo-Ramirez appeals his 12-month sentence imposed under the United States Sentencing Guidelines following a guilty plea to conspiracy and transferring false identification documents in violation of 18 U.S.C. §§ 371, 1028(a)(2). Acevedo-Ramirez contends that the district court erred by denying him a downward adjustment in his offense level pursuant to U.S.S.G. § 3B1.2 for his role as a minor participant in the offenses. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for clear error a district court's determination that a defendant does not qualify as a minor participant under section § 3B1.2(b). United States v. Andrus, 925 F.2d 335 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991). Under section 3B1.2, "any participant who is less culpable than most other participants, but whose role could not be described as minimal" may receive a two-level downward adjustment in his offense level for being a minor participant in the offense. U.S.S.G. § 3B1.2(b), comment. (n. 3). A defendant is not automatically entitled to a reduction for being a minor participant because he is less culpable than his codefendants, Andrus, 925 F.2d at 337, or because his role in the offense has been that of a courier, United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). The least culpable defendant is not necessarily entitled to a reduction under § 3B1.2. United States v. Molina, 934 F.2d 1440, 1452 (9th Cir.1991).
 
 
 4
 Acevedo-Ramirez was convicted on the basis of his participation in the sale of fraudulent Alien Registration Receipt Cards ("green cards"), Social Security cards, and California Department of Motor Vehicle identification cards. Acevedo-Ramirez's function in the document-selling operation was to stand outside the Reina Meat Market in Los Angeles and to solicit customers wanting to obtain false documents. He was paid five dollars for each customer he solicited successfully. He would collect photographs and other documents from the customer and give those items to his codefendant, Juan Trejo-Jasso, who took them to a house where the false documents were made. Trejo-Jasso would give the false documents to Acevedo-Ramirez, who would deliver them to the purchasers. Although Acevedo did not produce the false documents or negotiate the terms of the transactions, he did solicit customers for the operation. Because soliciting customers was essential to the operation, and because Acevedo-Ramirez's participation was not an isolated event, the district court did not clearly err by denying a downward adjustment for minor participation. See Molina, 934 F.2d at 1452.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropiate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3