39 F.3d 1190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo Pepper REYES, Defendant-Appellant.
 No. 94-50165.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 27, 1994.
 
 Appeal from the United States District Court, D.C. No. CR-93-1233-IEG; for the Southern District of California, Irma E. Gonzalez, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricardo Pepper Reyes appeals his sentence under the Sentencing Guidelines for his guilty plea conviction for importation of marijuana in violation of 21 U.S.C. Secs. 952 and 960. Reyes contends that the district court erred in refusing to grant him a four level reduction in his base offense level for being a minimal participant pursuant to U.S.S.G. Sec. 3B1.2. We review for clear error the district court's determination of whether a defendant qualifies for minimal participant status. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991). A downward adjustment under section 3B1.2 "is to be used infrequently and only in exceptional circumstances." United States v. Davis, No. 92-10592/92-10620, slip. op. at 11795 (9th Cir. Sept. 29, 1994), cert. dismissed, 63 U.S.C.W. 3 151 (U.S. Oct. 14, 1994) (No. 94-295).
 
 
 3
 Reyes knew he was transporting drugs, he admitted to previously smuggling drugs, and therefore was not a courier recruited for a "single smuggling transaction involving a small amount of drugs." U.S.S.G. Sec. 3B1.2, Application Note 2; see Davis, No. 92-10592, slip. op. at 11795 (defendant who knew that he was carrying drugs and prepared to accept money for them was not a minor or minimal participant), United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990) (defendant's involvement in a prior drug transaction indicated that a minimal role adjustment was not appropriate in the conviction offense). Accordingly, the district court did not clearly err in finding that Reyes was not a minimal participant.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3