45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan OROZCO-ROMERO; Pedro Baldovinos Garcia, Defendants-Appellants.
 Nos. 93-10646, 93-10674.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Dec. 21, 1994.
 
 1
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Juan Orozco-Romero and Pedro Baldovinos Garcia appeal their sentences following their convictions for violation of 21 U.S.C. Secs. 846 and 841. Both contend that the district court erroneously denied them three-level reductions for playing mitigating roles pursuant to U.S.S.G. Sec. 3B1.2. Orozco-Romero also contends that the district court erred in denying him a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1. We affirm.
 
 
 4
 The district court did not misinterpret U.S.S.G. Sec. 3B1.2 to preclude a mitigating role reduction because of the conspiracy charge. Rather, the district court denied the reductions on the basis of the defendants' respective roles in the offense. Contrary to defendants' assertions, the district court made adequate findings regarding their roles in the offense. See United States v. Pinkney, 15 F.3d 825, 827 (9th Cir.1994).
 
 
 5
 The district court did not err in denying defendants a mitigating role reduction. Although defendants may have been substantially less culpable than the mastermind of the drug transaction, an automatic role reduction was not warranted. See Pinkney, 15 F.3d at 828; United States v. Andrus, 925 F.2d 335, 338 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991). Orozco-Romero participated in negotiating the sale, and during the transaction, told an undercover agent that the full amount of drugs was ready, invited him to look at it, and provided a sample. Garcia also participated in negotiating the sale and was entrusted with retrieving and transporting the drugs to the transaction location. Accordingly, the district court did not err in denying defendants a role reduction. See United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990).
 
 
 6
 The district court also did not err in denying Orozco-Romero a reduction for acceptance of responsibility. His attempts to minimize his role in the offense during the presentence interview and the sentencing hearing demonstrated a lack of recognition and personal acceptance of responsibility. See United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990); U.S.S.G. Sec. 3E1.1. The court was free to discount his belated expression of remorse following his conviction by a jury. See United States v. Restrepo, 930 F.2d 705, 710-11 (9th Cir.1991). Moreover, "[t]he guidelines specifically acknowledge that this adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." United States v. Lindholm, 24 F.3d 1078, 1087 (9th Cir.1994); U.S.S.G. Sec. 3E1.1, comment (n. 2).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3