46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernardo Garcia BELTRAN, aka Pedro Garcia Beltran,
Defendant-Appellant.
 No. 94-50375.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pedro Garcia Beltran appeals his 24-month sentence imposed after he pleaded guilty to conspiracy to possess and possession of goods stolen from interstate shipment in violation of 18 U.S.C. Secs. 371, 659. He contends the district court erred by declining to reduce his offense level based on his minor role in the offenses. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for clear error a district court's finding that a defendant was not a minor participant. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S. Ct. 249 (1991). The Sentencing Guidelines direct the sentencing judge to grant a two-level reduction if the defendant was a minor participant in the offenses charged. United States v. Pinckney, 15 F.3d 825, 828 (9th Cir. 1994); see U.S.S.G. Sec. 3B1.2(b). A minor participant is a defendant who is substantially less culpable than the average participant, and less culpable than most other participants. United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir. 1994); see also Pinckney, 15 F.3d at 828; U.S.S.G. Sec. 3B1.2, comment. (n.3 and back'd.) (1993). Being less culpable than other participants does not necessarily make a defendant a minor participant. Benitez, 34 F.3d at 1498 (citing Andrus, 925 F.2d at 338). The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a downward adjustment based on his role in the offense. United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir. 1990).
 
 
 4
 Here, Beltran and his codefendants Hernandez, Acebal, and Ubeda stole trucks, tractors, and containers loaded with merchandise, and sold the stolen goods to an undercover agent. Beltran contends he is entitled to a reduction for his minor role because he was merely a follower or laborer who carried out instructions by the other conspirators. The record does not support this claim. As the district court noted in rejecting the argument, Beltran and Ubeda were the ones who actually stole the trucks and containers. They then drove the stolen vehicles to prearranged destinations, where the other two participants met them and helped them to unload the merchandise. These facts, which Beltran did not contest at sentencing, support the district court's finding that Beltran's and Ubeda's roles were virtually indistinguishable. As the court also noted, money for a load of stolen televisions was paid to all four defendants. Athough the record shows that Hernandez negotiated the sales of stolen merchandise for the group, it also reveals that Beltran and Ubeda offered to sell two tractors they had stolen to an undercover agent. These facts demonstrate that Beltran was more than a mere laborer. Nothing in the record indicates that Beltran was substantially less culpable than the other participants. Accordingly, the district court did not clearly err by finding that Beltran was not a minor participant. See Benitez, 34 F.3d at 1498; Pinckney, 15 F.3d at 828.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3