73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael BALES, Defendant-Appellant.
 No. 95-10059.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Bales appeals his twelve-month sentence imposed following his guilty plea to distribution of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Bales contends that the district court erred by granting him a three-level rather than a four-level reduction for his mitigating role in the offense. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 We review for clear error the district court's determination of whether a defendant qualifies for a four-level reduction for being a minimal participant in the offense. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 502 U.S. 889 (1991).
 
 
 4
 The downward adjustment for a minimal participant is intended to be used infrequently and only in exceptional circumstances. U.S.S.G. Sec. 3B1.2, comment. (n. 2); United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). It is intended to cover those "defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. Sec. 3B1.2, comment. (n. 1). A "defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." Id.
 
 
 5
 Here, the record indicates that Bales: (1) was present when arrangements were made to purchase the cocaine; (2) drove the informant and the codefendant responsible for the sale to a store so that the codefendant could telephone his source; (3) drove the informant to the parking lot where the transaction was to take place; (4) assured the buyer (the undercover agent) at the scene that the codefendant could deliver the cocaine; (5) received compensation for his role in the transaction; and (6) called the buyer the next day to inquire about the progress of a larger transaction between the buyer and codefendant.
 
 
 6
 The district court did not clearly err in finding that Bales was not entitled to a four-level reduction. The record indicates that Bales had knowledge and understanding of the scope and structure of the enterprise and was aware of, and aided in, the activities of his codefendants. See U.S.S.G. Sec. 3B1.2; see also Davis, 36 F.3d at 1437 (defendant who knew that he was carrying drugs and prepared to accept money for them was not a minor or minimal participant).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3