129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gabriel HEREDIA-PRECIADO, Defendant-Appellant.
 No. 96-10202.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1997**
Decided Nov. 13, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-95-00243-ROS; Roslyn O. Silver, District Judge, Presiding. Submitted March 10, 1997* *
 Before: CHOY, FERGUSON, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gabriel Heredia-Preciado ("Heredia") appeals his 250-month sentence imposed under the Sentencing Guidelines following a jury trial. Heredia was convicted of conspiring to import cocaine and marijuana, conspiring to possess cocaine and marijuana with intent to distribute, and possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), 846, and 963.
 
 
 3
 Heredia raises two issues on appeal. First, he contends the district court erred by not finding Heredia to have been a minor participant in the criminal activity and subsequently refusing to award a two-point minor-participant reduction to Heredia, under U.S.S.G. § 3B1.2(b). Second, Heredia seeks a remand to the district court to make further findings to support a downward departure based on his minor-participant status, under U.S.S.G. § 2D1.1, comment. (n.14). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 A defendant has the burden of proving his minor status in the criminal activity by a preponderance of the evidence. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994) (citing United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir.1990)). A defendant also is not entitled automatically to the reduction simply because he was less culpable than his co-participants. In fact, the sentencing court need not award the reduction even if the defendant was least culpable. United States v. Molina, 934 F.2d 1440, 1452 (9th Cir.1991). See also United States v. Andrus, 925 F.2d 335, 337 (9th Cir.1991) ("[T]he guidelines did not intend for every defendant who was less culpable than his codefendants to be granted minor participant status," thus "obviat[ing] the need for judges to examine meticulously every pair of defendants to determine which might be a scintilla more or less culpable than the other."). Rather, the defendant should have been "substantially less culpable." United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994) (citing U.S.S.G. § 3B1.2, comment. (backg'd) (emphasis added)). Further, the minor-participant downward adjustment "is to be used infrequently and only in exceptional circumstances." Davis at 1436 (citing United States v. Hoac, 990 F.2d 1099, 1106 (9th Cir.1993)). Finally, the possession of a substantial amount of narcotics is ground for refusing to grant a sentence reduction. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991).
 
 
 5
 At sentencing, the district court found Heredia was "closely connected ... with smugglers and buyers in California." The court also determined that Heredia was more involved in the conspiracy than at least three of his co-participants. Additionally, the court found Heredia knew the drop-off location for the shipment of cocaine after it crossed the Mexico-U.S. border and attended a meeting at which the rental of trailers to transport the cocaine interstate was discussed, and thus, the court concluded Heredia "was involved in the warehousing of cocaine." Given these findings, the district court decided "not that [Heredia] was less culpable but he was more culpable than many of the participants in this particular crime, and therefore [Heredia] is not a minor participant."
 
 
 6
 The district court's conclusion that Heredia was "more" culpable than his co-participants perhaps is debatable and certainly was not necessary for denying Heredia minor-participant status. However, Heredia still did not prove by a preponderance of the evidence that he was substantially less culpable than his co-participants. Providing security for a shipment of narcotics may be less "hands on" than the activities of the co-participants with whom he would like to be compared, but it is no less integral or important to the operation. Further, on the basis of the lower court's findings, Heredia appears to have had upper-level knowledge in the conspiracy. Moreover, Heredia did not challenge on appeal the jury's finding that he possessed marijuana with intent to distribute. In sum, Heredia's participation in the criminal activity was not minimal so as to earn him a minor-participant reduction.
 
 
 7
 A district court's decision to deny minor-participant status is a factual finding reviewed for clear error. United States v. Pinkney, 15 F.3d 825, 827 (9th Cir.1994). The reviewing court must accept the lower court's findings absent a "firm and definite conviction" an error was made. United States v. Lewison, 988 F.2d 1005, 1006 (9th Cir.1993) (quoting United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991)). The district court here did not commit clear error.
 
 
 8
 Regarding Heredia's request for a remand to make further findings to support a downward reduction based on his minor-participant status, we also affirm. A district court's discretionary refusal to depart downward is not reviewable on appeal. United States v. Pinto, 48 F.3d 384, 388 (9th Cir.1995). Because the district court did not clearly err by finding Heredia was not a minor participant, it correctly refused to depart downward and we lack jurisdiction to review this decision.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3