**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Oscar RODRIGUEZ, Defendant—
Appellant.**

**No. 00–10313.**

**D.C. No. CR–98–05149–3–OWW.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HALL, KOZINSKI, and McKEOWN, Circuit Judges.

MEMORANDUM **

Rodriguez argues that his conviction should be reversed because the prosecutor made inappropriate comments about unrelated criminal activities concerning one of his co-defendants. As Rodriguez readily admits, however, these comments "had absolutely no relevance, and bore no nexus" to him, nor did the prosecutor attempt to connect Rodriguez to these activities. The prosecutor's comments did not "so infect[ ] [Rodriguez's] trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (internal quotation marks omitted).

Rodriguez also makes several arguments concerning the validity of his sentence, none of which require reversal. For purposes of sentencing, Rodriguez did not dispute that he had flown from Los Angeles to Chicago in order to occupy a "stash house" where authorities found him in a garage with a co-defendant who was loading a car with over twice the amount of drugs necessary to trigger the highest base offense level under the guidelines. Considering that Rodriguez was not simply facilitating the shipment of a "small amount of drugs," U.S.S.G. § 3B1.2, cmt. n. 2, and that "the guidelines did not intend for every defendant who was less culpable than his codefendants to be granted minor participant status," *United States v. Andrus*, 925 F.2d 335, 337 (9th Cir. 1991), the district court did not clearly err in denying a mitigating role adjustment

pursuant to U.S.S.G. § 3B1.2(b). Because Rodriguez did not qualify for an adjustment under § 3B1.2, the district court did not have discretion to consider a departure under § 2D1.1. *See* U.S.S.G. § 2D1.1, cmt. n. 14.

Rodriguez also argues that his is the "rare situation[ ]" where a departure for acceptance of responsibility is warranted even though he put the government to its burden of proof at trial. *See* U.S.S.G. § 3E1.1, cmt. n. 2. Rodriguez can only point to inculpatory statements he made to the arresting officers as evidence that he "clearly demonstrate[d] acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). These statements evidence no contrition or remorse on Rodriguez's part. *See United States v. Connelly*, 156 F.3d 978, 982 (9th Cir.1998) (holding that "a failure to demonstrate contrition and remorse weighs against a finding of acceptance of responsibility"). Considering that "the sentencing judge is entitled to great deference on review," U.S.S.G. § 3E1.1, cmt. n. 5, the district court did not clearly err in determining that Rodriguez's is not the "rare situation[ ]" warranting a departure.

Finally, Rodriguez claims that he should be resentenced pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000) (overruled on other grounds), we held that, pursuant to *Apprendi*, an individual cannot be sentenced above the "prescribed statutory maximum," which is the maximum punishment to which the defendant could be exposed "solely under the facts found by the jury." 21 U.S.C. § 841(b)(1)(C) provides a maximum sentence of 20 years' incarceration and indefi-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nite supervised release without regard to a finding of any particular drug amount. Because Rodriguez's 235–month sentence does not exceed the prescribed statutory maximum, we affirm his sentence.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.