**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Roy Sherman WANDLE, Defendant—
Appellant.**

**No. 06–30564.**

United States Court of Appeals,
Ninth Circuit.

Submission Deferred June 27, 2007.

Submitted April 23, 2008.*

Filed May 16, 2008.

Michael S. Lahr, Esq., USHE–Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Jay F. Lansing, Esq., Moses & Lansing, PC, Billings, MT, for Defendant–Appellant.

Before: REINHARDT, HALL, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Roy Sherman Wandle appeals the sentence imposed following his guilty plea to wire fraud in violation of 18 U.S.C. § 1343. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ Wandle first argues that the district court erred in declining to grant him a two-level reduction for being a "minor participant" in the wire fraud scheme under U.S.S.G. § 3B1.2. Wandle contends that the district court's analysis was flawed because it erroneously compared his participation in the wire fraud to that of the "average participant." To the contrary, the record reveals that while the district court used the term "average participant," it properly compared Wandle's conduct to that of the other participants in the crime. *See United States v. Cantrell,* 433 F.3d 1269, 1283 (9th Cir.2006). Wandle also argues that the two level reduction was warranted because his participation in the wire fraud was limited to knowledge of the conspiracy, driving one co-conspirator to a store to pass a forged check, and receiving food, gas, and lodging obtained from the proceeds of the scheme. We disagree. While Wandle may not have been the primary actor in the scheme, he admitted to helping plan the operation,

providing transportation, and sharing in the proceeds. Accordingly, the district court did not err in refusing to grant the two-level adjustment. *See id.* ("merely being less culpable than one's co-participants does not automatically result in minor [participant] status") (citing *United States v. Andrus,* 925 F.2d 335, 338 (9th Cir. 1991)).

■ Wandle next challenges his 48 month sentence, in particular the upward departure from offense level 5 to offense level 15 under U.S.S.G. § 4A1.3. We review all sentences for reasonableness. *Gall v. United States,* — U.S. —, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007); *see also United States v. Mohamed,* 459 F.3d 979, 986 (9th Cir.2006) ("We ... treat the scheme of downward and upward 'departures' as essentially replaced by the requirement that judges impose a 'reasonable' sentence."). We first ensure the sentence is procedurally sound, and then review the substantive reasonableness under an abuse of discretion standard. *Gall,* 128 S.Ct. at 597.

In this case, the district court committed no significant procedural error. Judge Cebull "correctly calculated the applicable Guidelines range, allowed both parties to present arguments as to what they believed the appropriate sentence should be, considered all of the [18 U.S.C.] § 3553(a) factors, and thoroughly documented his reasoning." *Id.* at 598. The court also gave sufficient justifications for the upward departure under U.S.S.G. § 4A1.3, explaining that Criminal History Category VI under-represented Wandle's criminal history in light of his various prior felonies with sentences of more than a year. *See* U.S.S.G. § 4A1.3(a)(2)(B). Wandle argues that the district court erred because it

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

failed to consider his history and characteristics under § 3553(a)(2), but the court carefully detailed Wandle's criminal history, demonstrating its familiarity with Wandle's specific case. The court also recognized Wandle's substance abuse problem, as evidenced by its recommendation that Wandle complete a rehabilitation program. Wandle also argues that the judge failed to recognize that Wandle was not as culpable as the other participants in the wire fraud scheme, but the court considered the "less culpable" argument and rejected it when it decided not to depart downward two levels. Last, contrary to Wandle's assertion, the district court recognized that Wandle was serving a ten-year state sentence, but found that the state sentence would not provide adequate deterrence in light of the various times the Montana prison system had released Wandle before he served his full sentence. There was no procedural error here. *Gall,* 128 S.Ct. at 598–600.

■ We next turn to the substantive reasonableness of Wandle's sentence. We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," and must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* at 597. Here, though the district court upwardly departed ten offense levels to reach its 48 month sentence, we cannot say that the sentence was unreasonable under an abuse of discretion standard. Judge Cebull found that the 48-month sentence was necessary to deter Wandle from future crime (§ 3553(a)(2)(B)), protect the public (§ 3553(a)(2)(C)), promote respect for the law (§ 3553(a)(2)(A)), and provide just punishment (§ 3535(a)(2)(A)). This was not unreasonable in light of Wandle's eighteen felony convictions over the last twenty years, including one burglary committed three days after his release from prison, and a second burglary committed only ten days later. While another court might

have weighed the § 3553(a) factors differently, it is not our place to "decide *de novo* whether the justification for a variance is sufficient or the sentence reasonable." *Gall,* 128 S.Ct. at 602. Rather, because the district court had the benefit of "greater access to, and greater familiarity with, the individual case and the individual defendant," *id.* at 598–99 (quotation omitted), we must give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 597. Therefore, we uphold the sentence as reasonable. *Id.* at 600–02.

AFFIRMED.