5 F.3d 541
 NOTICE:Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick COLEMAN, Defendant-Appellant.
 No. 92-30436.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 10, 1993.
 
 Appeal from the United States District Court, for the District of Oregon, D.C. No. CR-92-91-2-HJF; Helen J. Frye, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick Coleman appeals his sentence imposed following his guilty plea to armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) & (d) and use of a firearm in violation of 18 U.S.C. Sec. 924(c)(1). Coleman contends that the district court erred by finding that he was not a minor or minimal participant in the offense of conviction because he drove a getaway car in only one of a series of three bank robberies. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error the district court's finding regarding the defendant's role in the offense. United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir.1991). The United States Sentencing Guidelines instruct the district court to decrease the offense level by four levels if the defendant was a "minimal participant," U.S.S.G. Sec. 3B1.2(a), or by two levels "[i]f the defendant was a minor participant in any criminal activity," U.S.S.G. Sec. 3B1.2(b). A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group," U.S.S.G. Sec. 3B1.2, comment. (n. 1) ("the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant"), and a minor participant is "any participant who is less culpable than most other participants," U.S.S.G. Sec. 3B1.2, comment. (n. 3), and "substantially less culpable than the average participant," id., comment. (backg'd).[1] "[T]he district court is not compelled to find that a defendant who is the least culpable in a particular transaction is therefore a minor participant." United States v. Molina, 934 F.2d 1440, 1452 (9th Cir.1991). These downward adjustments are to be used infrequently, U.S.S.G. Sec. 3B1.2, comment. (n. 2); United States v. Hoac, 990 F.2d 1099, 1106 (9th Cir.1993), and the defendant bears the burden of proving by a preponderance of the evidence that the adjustments apply, United States v. Sanchez, 908 F.2d 1443, 1448 (9th Cir.1990).
 
 
 4
 On January 21, 1992, codefendants Andrew Hunt Marti, William Lamar Burrell, and Jesse William Patterson told Coleman about a plan for a bank robbery and asked him to drive a getaway car. Coleman agreed. Later that day, Marti robbed the bank with a gun supplied by Burrell. Coleman, who was armed with a pistol, then drove Marti to a motel to meet Burrell and Patterson. Patterson drove the others to an industrial area, where Burrell shot Marti.
 
 
 5
 Marti told police that the four codefendants had known each other in connection with the Bloods gang for approximately one and one half years. Burrell robbed a bank on November 13, 1991; and Burrell, Patterson, and Marti robbed a bank on December 9, 1991. Marti committed the robberies to enhance his status with the gang, and Burrell told Marti he needed to commit the January 21 robbery if he wanted to stay alive.
 
 
 6
 The district court refused to make a downward adjustment because "the driver of the getaway car knows that a robbery is being committed and under the facts of this case is not a minor or minimal participant in a bank robbery."
 
 
 7
 Although the evidence indicates that Marti was the only person who entered the bank and that Burrell directed the others, it is clear that Coleman knew about the plan for the January 21 robbery. Furthermore, Coleman may have been armed with a pistol to enforce Burrell's threat to kill Marti if Marti did not commit the robbery. Even if Coleman was the least culpable of the four, the district court was not required to find that he was a minor participant. See Molina, 934 F.2d at 1452; U.S.S.G. Sec. 3B1.2, comment. (backg'd & n. 3). The district court did not clearly err by refusing to make a downward adjustment for Coleman's role in the offense. See Flores-Payon, 942 F.2d at 560.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have not yet decided whether the defendant's actions are compared to a participant in the particular offense of conviction or to an average participant in the type of crime in general. United States v. Andrus, 925 F.2d 335, 338 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991); see United States v. Petti, 973 F.2d 1441, 1447 (9th Cir.1992) (in determining whether a defendant is a minimal participant, the relevant comparison "is to the conduct of co-participants in the case at hand"), cert. denied, 113 S.Ct. 1859 (1993). We need not decide this issue here because the result is the same under either standard