70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daryl ANCHETA, Defendant-Appellant.
 No. 95-50197.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daryl Ancheta appeals his 41-month sentence imposed following his guilty plea to one count of possession with the intent to distribute marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). Ancheta contends the district court erred by denying him a mitigating role adjustment pursuant to U.S.S.G. Sec. 3B1.2. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error a district court's finding of a defendant's role in the offense. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995); United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 502 U.S. 889 (1991). A defendant's role is minimal if he is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. Sec. 3B1.2, comment. (n. 1). His role is minor if he is "less culpable than most other participants, but [his] role could not be described as minimal." U.S.S.G. Sec. 3B1.2, comment. (n. 3). The party seeking to alter the base offense level bears the burden of proving his minor or minimal role by a preponderance of the evidence. Davis, 36 F.3d at 1436; United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). Moreover, a mitigating role adjustment under U.S.S.G. Sec. 3B1.2 should be used infrequently and only in exceptional circumstance. Davis, 36 F.3d 1346; Andrus, 925 F.2d at 337. A mitigating role adjustment may be denied based upon a defendant's possession of a substantial amount of drugs. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991).
 
 
 4
 Here, the district court did not clearly err by denying Ancheta a mitigating role adjustment. On October 5, 1994, U.S. Border Patrol agents observed several individuals carrying large white bundles across the All American Canal and loading these bundles into a waiting truck. Ancheta was the driver of the truck and was apprehended with 282 kilograms of marijuana. Ancheta's brother, Edmundo, owned the vehicle Ancheta was driving and was also apprehended for driving a "scout" car in the drug operation. Ancheta was recruited by a man known as "Pancho" to transport a substantial amount of drugs from Calexico.
 
 
 5
 The district court found that Ancheta was not the only participant in the drug smuggling operation and that he played an integral part in transporting marijuana from Calexico to an unknown destination. Even if Ancheta's role in the offense was less culpable than other participants, that alone does not entitle him to a minor role reduction. See Davis, 36 F.3d at 1436; Andrus, 925 F.2d at 338. Moreover, the district court's denial of a role adjustment is justified because Ancheta was transporting a substantial amount of marijuana (282 kilograms). See Lui, 941 F.2d at 848 (no minor role adjustment for defendant who transported a substantial amount of drugs). Accordingly, the district court did not clearly err by finding that Ancheta was neither a minor nor a minimal participant in the offense for which he was convicted. See Davis, 36 F.3d at 1436-37; Lui, 941 F.2d at 848; Andrus, 925 F.2d at 338.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3