26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eiffel SANCHEZ, aka: Luis Angel Cortez, Defendant-Appellant.
 No. 93-50691.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 19, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eiffel Sanchez appeals his 210-month sentence imposed following entry of a guilty plea to conspiracy to possess and distribute cocaine in violation of 21 U.S.C. Sec. 846. Sanchez contends the district court erred by denying him a downward adjustment pursuant to U.S.S.G. Sec. 3B1.2 for being a minor or minimal participant in the offense. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error the district court's factual finding that a defendant is a minor participant. United States v. Lui, 941 F.2d 844, 848-49 (9th Cir.1991).
 
 
 4
 U.S.S.G. Sec. 3B1.2 provides for a two-to-four-level downward adjustment in the base offense level when a defendant's minor or minimal role if the offense renders him less culpable than most other participants. The defendant has the burden of proving the applicability of the section 3B1.1 mitigating role adjustments. United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991). The mitigating role adjustments are to be used infrequently, and the fact that a defendant might have been the least culpable of all the participants in the criminal activity does not automatically entitle him to a mitigating role adjustment under section 3B1.2. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991).
 
 
 5
 The facts in the instant case simply do not support Sanchez's claim that the district court clearly erred by denying him a minor or minimal participant downward adjustment. The record establishes that, despite his claims to the contrary, Sanchez was far more than a minor player in the drug trafficking scheme of which he was a part.
 
 
 6
 Sanchez lived in a residence in which almost 1000 kilograms of cocaine was stored at various times. He prepared ledgers keeping track of drug transactions, packaged the cocaine and kept an inventory. He also personally participated in the delivery of several hundred kilograms of cocaine by driving the delivery vehicle.
 
 
 7
 In light of this uncontested evidence, we hold no clear error in the district court's finding that Sanchez failed to meet his burden of proving he was a minor or minimal participant in the offense of conviction. See Lui, 941 F.2d at 849; Andrus, 925 F.2d at 337.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3