**Eiffel SANCHEZ, Petitioner–Appellant,**

v.

**John R. HEMINGWAY, Warden, Respondent–Appellee.**

**No. 01–2600.**

United States Court of Appeals, Sixth Circuit.

June 19, 2002.

Before COLE and GILMAN, Circuit Judges; MILLS, District Judge.*

Eiffel Sanchez, a federal prisoner incarcerated in Michigan, appeals the district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, Sanchez pleaded guilty to conspiracy with intent to distribute cocaine in violation of 21 U.S.C. § 846. The United States District Court for the Southern District of California sentenced him to 210 months of imprisonment and five years of supervised release. Sanchez appealed, and the Ninth Circuit Court of Appeals affirmed his convictions and sentence. *United States v. Sanchez*, No. 93–50691, 1994 WL 198644 (9th Cir. May 19, 1994). In November 1996, Sanchez filed a motion for modification or correction of his sentence pursuant to 18 U.S.C. § 3582, which the district court construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In October 2000, Sanchez requested permission to file a supplemental § 2255 motion. The docket from the Southern District of California court, filed in the record, does not show that either motion has been resolved.

Sanchez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Michigan in July 2001. He alleged that: (1) his sentence was imposed in violation of his Fifth and Sixth Amendment rights; (2) 21 U.S.C. § 846 is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (3) his rights under Article (2)(B) of the Vienna Convention on Consulate Relations were violated. The district court dismissed the petition, holding that Sanchez had not demonstrated that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective.

In his timely appeal, Sanchez argues that his *Apprendi* claim is cognizable under 28 U.S.C. § 2241 because: (1) he is actually innocent of the crime that resulted in the imposition of the enhanced sentence; and (2) the Antiterrorism and Effective Death Penalty Act (AEDPA) did not modify 28 U.S.C. § 2255 or § 2241.

Initially, we note that Sanchez does not argue that he is entitled to relief under the Vienna Convention. Accordingly, he has abandoned that claim. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we affirm the district court's order for the reasons stated by the district court. Sanchez did not establish

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles,* 180 F.3d at 755–56. Even assuming an *Apprendi* claim is cognizable under § 2241, Sanchez's petition was without merit. Sanchez pleaded guilty to violating 21 U.S.C. § 846. The trial court sentenced him to 210 months of incarceration, the low end of the applicable guideline range. *See* USSG § 2D1.1. The statutory maximum sentence Sanchez could have received was life imprisonment. 21 U.S.C. § 841(b)(1)(A). Because 21 U.S.C. § 841(b)(1)(A) authorized the court to impose a maximum sentence of life imprisonment for the conduct to which Sanchez expressly admitted, his 210 month sentence does not offend the rule of *Apprendi. See United States v. Garcia,* 252 F.3d 838, 843 (6th Cir.2001.)

Sanchez's argument that he is actually innocent because of an intervening change in the law is without merit. As explained above, he pleaded guilty to an offense carrying a maximum statutory penalty exceeding the sentence he actually received, so his sentence does not violate *Apprendi.* Sanchez's argument that the § 2241 remedy is available to him because the AEDPA did not modify either the savings clause of § 2255 or the reach of § 2241 also fails. Our rejection of Sanchez's reliance on § 2241 does not depend on the AEDPA.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.