**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Angel Eliazar NORIEGA–VALENZUE-
LA, Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Julio Cesar Ruiz, aka(s) Oscar–Garcia,
Oscar Garcia, Defendant—
Appellant.**

**Nos. 07–10571, 07–10594.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2009.

Filed March 5, 2009.

Kathleen A. Servatius, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

John F. Garland, Esq., Fresno, CA, for Defendant–Appellant.

Before: SCHROEDER, CANBY and HAWKINS, Circuit Judges.

## MEMORANDUM *

Julio Cesar Ruiz and Angel Eliazar Noriega–Valenzuela ("Noriega") were found guilty of conspiracy to manufacture and distribute methamphetamine ("meth"), in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). Ruiz and Valenzuela both argue that their sentences are unreasonable when viewed in comparison with those that other co-conspirators received. Ruiz further argues that the district court erred when it applied two sentencing-level enhancements and refused to grant two reductions. We review the procedural soundness of Ruiz's sentence for clear er-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ror, and the substantive reasonableness of both the sentences for abuse of discretion. *United States v. Gillock*, 886 F.2d 220, 222 (9th Cir.1989). We affirm all aspects of the sentences.

■ The district court's application of a two-level sentencing enhancement for possession of a firearm was proper under U.S.S.G. § 2D1.1(b)(1) because weapons were present in the house where the meth was being manufactured, and it is not "clearly improbable that the weapon[s were] connected with the offense." § 2D1.1, cmt. n. 3. Moreover, because of the nature of drug manufacturing and Ruiz's presence in the garage where there were surveillance cameras intended to alert the men of outside activity, the possession of weapons by one of Ruiz's coconspirators was reasonably foreseeable. *United States v. Garcia*, 909 F.2d 1346, 1349 (9th Cir.1990) (possession of a weapon by a co-conspirator, in close proximity to drugs, is sufficient for a sentencing enhancement as long as such possession was reasonably foreseeable by the defendant).

■ The district court also properly applied a two-level enhancement to Ruiz's sentence for obstruction of justice under U.S.S.G. § 3C1.1. Ruiz had been in police custody for some two hours when he slipped out of his restraints, jumped over the barbed-wire fence around the jail where he had been taken for booking, and fled. Thus, this is not a case of "instinctive flight of a suspect who suddenly finds himself in the power of the police." *United States v. Garcia*, 909 F.2d 389, 390, 392 (9th Cir.1990) (reversing application of obstruction of justice enhancement where defendant "bolted" into a nearby field soon after being pulled over). *See also United States v. Draper*, 996 F.2d 982, 985–86 (9th Cir.1993) (application of enhancement proper where defendant failed to reappear after he had been arrested and conditionally released).

■ The district court was also correct in refusing to apply a minor role or acceptance of responsibility adjustment under U.S.S.G. §§ 3B1.2(b) and 3E1.1, respectively. First, Ruiz admitted that the methanol that he purchased and delivered was intended to be used for the manufacturing of meth, he had a key to the garage where the meth was made, he was present during the manufacturing process, and he fled with the other co-defendants when the officers arrived. As a result, Ruiz's conduct was not substantially less culpable than that of any of the other co-defendants. *See United States v. Andrus*, 925 F.2d 335, 338 (9th Cir.1991) (affirming denial of minor role adjustment when defendant had active involvement in meth manufacturing). Second, Ruiz had nothing to lose by admitting his involvement in the crime only after his sentence had been affirmed on appeal. This is not the kind of acceptance of responsibility that the Guideline contemplates for downward departure. U.S.S.G. § 3E1.1, cmt. n. 2 ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."). Consequently, the district court did not err in refusing to apply the downward departures.

■ Finally, the district court did not abuse its discretion in determining that the 18 U.S.C. § 3553(a) factors supported sentences of 235 months for both Ruiz and Noriega. The court discussed their lack of criminal histories, the possibility that they were unaware of the firearms in the house, the fact that they did not attempt to shoot at the police as they fled the manufacturing house, and also considered that they had behaved themselves in jail in the time

since their arrest. Accordingly, the court made a substantial downward departure from the Guideline range. The court, however, stated that further departure was not warranted because the offense was a serious one and required some differentiation between Ruiz and Noriega on one hand, and the three co-defendants who cooperated and accepted responsibility from the beginning on the other. The judge accorded appropriate weight to each of the § 3553 factors. *See United States v. Cherer,* 513 F.3d 1150, 1160 (9th Cir.2008) (affirming the sentence as reasonable where the district judge "considered the appropriate factors, and assigned reasonable weight to each").

Accordingly, the sentences are **AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.